IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| PKOH NYC, LLC, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | PATENT INFRINGEMENT |
| CODEFINE S.A | ) | (Trial by Jury Demanded) |
| | ) | |
| Defendant. | ) | |

---

Plaintiff, PKOH NYC, LLC ("PKOH" or "Plaintiff"), for its Complaint against Defendant, CODEFINE S.A. ("Codefine" or "Defendant"), alleges as follows:

## THE PARTIES

1. PKOH is a New York limited liability company with its principal place of business at 204 W. Houston Street # 2B, New York, NY 10014.

2. On information and belief, Codefine is a Swiss company with its principal place of business at Avenue du Léman 21 CH-1005 Lausanne, Switzerland.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338, in that this action arises under the patent laws of the United States (35 U.S.C. § 100, et seq.).

4. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and/or 1400(b).

5. This Court has personal jurisdiction over Defendant pursuant to at least N.Y. C.P.L.R. §§ 301 and/or 302 because, on information and belief, Codefine, directly or through intermediaries, among other things, operates the www.hulkenbags.com website to transact or contract within the state to supply infringing products in this state and judicial district, including but not limited to,

by selling the "HULKEN" wheeled tote to consumers in this judicial district and selling into the stream of commerce knowing such products would be sold and/or used in this state and judicial district, and/or by importing into the judicial district, which acts form a substantial part of the events giving rise to PKOH's claims.

6. The allegations in this Complaint support subject matter jurisdiction, venue and personal jurisdiction.

## THE PATENT-IN-SUIT

7. United States Patent No. 10,376,030 ("the '030 Patent"), entitled "Wheeled tote," was duly and legally issued by the United States Patent and Trademark Office on August, 13, 2019, and is still in full force and effect.

8. PKOH is the sole owner of the entire right, title and interest in and to the '030 Patent, including the right to sue and recover for any and all infringement thereof.

## INFRINGEMENT OF U.S. PATENT NO. 10,376,030

9. PKOH repeats and realleges the allegations of paragraphs 1-8 of the Complaint as if set forth fully herein.

10. On information and belief, Defendant makes, uses, offers to sell, or sells within the United States, and/or imports into the United States products known as the Hulken bag Version 2 sold as at least Hulken Black, Hulken Gold, Hulken Silver, and Hulken Rose ("Infringing Products").

11. On information and belief, Codefine owns and operates the internet based ecommerce site www.hulkenbags.com through which Defendant offers to sell and sells the Infringing Products.

12. Defendant Codefine is the owner of the U.S. Trademark for HULKEN, Registration Number 4188498.

13.     In November 2018, Defendant Codefine signed a Declaration in support of its statement of use of the HULKEN trademark in commerce in the United States. The statement of use filed with the USPTO affirmed that Codefine is the owner of the HULKEN trademark and included specimens showing Codefine's use in commerce by use of the "HULKEN mark affixed on the purchase ordering page on the registrant's [Codefine's] website [www.hulkenbags.com]."

14.     On information and belief, Defendant has sold the Infringing Products through its ecommerce site and shipped the Infringing Products to customers in the judicial district for use in the judicial district.

15.     Defendant's Instagram page at Instagram.com/hulkenbag/ includes images of the Hulken bag having been sold into the judicial district or sold into the stream of commerce knowing such products would be sold and/or used in this judicial district, and/or imported through New York.





16. On information and belief, Defendant, through its agents, employees, servants, and/or subsidiaries has and continues to knowingly, intentionally, and willfully, directly infringe the '030 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling within the United States and/or importing into the United States, including at least the Infringing Products, which are identical and/or equivalent to the invention claimed and shown in PKOH's '030 Patent. When Codefine's Infringing Products are compared to the '030 Patent, Codefine's product meets every limitation of at least claim 1 of the '030 Patent for at least the reasons in Exhibit A.

17. On information and belief, Defendant, through its agents, employees, servants, and/or subsidiaries has and continues to knowingly, intentionally, and willfully, indirectly infringe the '030 Patent under 35 U.S.C. § 271(b) and/or (c) by, among other things, providing the Infringing Products to customers in the district and elsewhere in the United States, and knowingly aiding and abetting, inducing, and/or contributing to the direct infringement of the '030 Patent by customers, through acts that include encouraging, instructing, directing and/or advising customers as to use of the Infringing Product.

18. Since at least as early as July 12, 2021, Defendant had knowledge of the '030 Patent when PKOH notified Codefines's Chief Executive Officer of the '030 Patent and infringement.

19. On information and belief, Defendant possessed a specific intent to infringe and induce infringement, by engaging in affirmative acts such as by (i) selling and offering to sell the Infringing Products in this district and elsewhere throughout the United States, and (ii) distributing and making available, in this district and elsewhere in the United States, the Infringing Products.

20. Despite such notice, Defendant continues to deliberately infringe the '030 Patent.

21. As a result of Defendant's infringement of at least claim 1 of the '030 Patent, upon information and belief, Defendant has made and will continue to make unlawful gains and profits from its infringing activity.

22. PKOH has been and will continue to be substantially and irreparably harmed by Defendant's infringing activity.

### **REQUEST FOR RELIEF**

Wherefore, PKOH prays for relief as follows:

A. A judgment that Defendant has infringed the '030 Patent directly and/or indirectly;

B. A judgment that Defendant's acts of infringement have been willful, knowing, and in deliberate disregard of PKOH's patent rights, and awarding PKOH enhanced damages under 35 U.S.C. § 284;

C. A judgment preliminarily and permanently enjoining and restraining Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys, subsidiaries and all others in active concert or participation with Defendant, from infringing the '030 Patent, under 35 U.S.C. § 283;

D. A judgment awarding PKOH its damages, but not less than a reasonable royalty, resulting from Defendant's infringement, under 35 U.S.C. § 284;

E. A judgment awarding PKOH its costs and disbursements incurred in prosecuting this action as authorized by Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and/or 35 U.S.C. § 285;

F. A judgment awarding PKOH its attorneys' fees incurred in prosecuting this action as authorized by 35 U.S.C. § 285 for an exceptional case;

G. A judgment awarding PKOH pre- and post-judgment interest on any monetary award; and

Such other relief as the Court may deem just, equitable, and proper under the circumstances.

DATED: October 29, 2021                                   Phillips Nizer LLP

/s/ Tod M. Melgar
Tod M. Melgar
Timothy P. Heaton
485 Lexington Avenue
New York NY 10017
(212) 977-9700

*Attorneys for Plaintiff
PKOH NYC LLC*